UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS FYKE, #606042,

    Petitioner,

v.

CASE NO. 16-CV-13105
HONORABLE TERRENCE G. BERG

SHANE PLACE,

    Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR DISMISSAL, DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN <u>FORMA PAUPERIS ON APPEAL</u>**

**I.   Introduction**

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Dennis Fyke ("Petitioner") pleaded no contest to attempted murder in the Gladwin County Circuit Court and was sentenced to 15 to 30 years imprisonment in 2011. In his pro se pleadings, Petitioner raises claims concerning the effectiveness of trial and appellate counsel, the validity of his sentence, his right to DNA

testing, the amendment of the charges against him, and his actual innocence.

This matter is currently before the Court on Respondent's motion for dismissal of the petition for failure to comply with the one-year statute of limitations applicable to federal habeas actions. Petitioner has filed a reply to the motion asserting that the one-year period should be equitably tolled. Having reviewed the matter, the Court concludes that the habeas petition is untimely and must be dismissed. The Court also concludes that a certificate of appealability and leave to proceed in forma pauperis on appeal must be denied.

## II. Procedural History

Petitioner's attempted murder conviction stems from an incident in which a woman resisted his advances and he sexually assaulted her and struck her in the head with a hammer causing a permanent closed head injury. Sent. Tr., p. 7. Petitioner tendered his plea on August 1, 2011 and was sentenced on September 6, 2011. On March 5, 2012, he filed a motion to withdraw his plea with the state trial court, which was denied on May 15, 2012. Petitioner did not appeal that decision or otherwise pursue a direct appeal of his convictions and sentences in the

state courts. *See* Register of Actions, *People v. Fyke*, Gladwin Co. Cir. Ct. No. 11-005857-FC.

On May 7, 2013, Petitioner filed a motion for relief from judgment with the state trial court, which was denied on September 15, 2014. *Id*. He then filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied. *People v. Fyke*, No. 324657 (Mich. Ct. App. March 12, 2015). He also filed an application for leave to appeal with the Michigan Supreme Court, which was denied. *People v. Fyke*, 499 Mich. 868, 874 N.W.2d 697 (March 8, 2016).

Petitioner dated his federal habeas petition on August 24, 2016. Respondent thereafter filed the instant motion for dismissal asserting that the petition is untimely. Petitioner has recently filed a reply asserting that he should be allowed to proceed on his claims based upon equitable tolling.

## III. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, became effective on April 24, 1996. The AEDPA includes a one-year period of limitations for habeas petitions brought by prisoners challenging state court

judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the proscribed time period must be dismissed. *See Isham v. Randle*, 226 F.3d 691, 694-95

(6th Cir. 2000) (dismissing case filed 13 days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002).

A preliminary question in this case is whether Petitioner has complied with the one-year statute of limitations. "[D]istrict courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's federal habeas petition. *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Petitioner's conviction and sentence became final after the AEDPA's April 24, 1996 effective date. Petitioner was sentenced on September 6, 2011. He then had six months after sentencing to file a late application for leave to appeal. *See* Mich. Ct. R. 7.205(G)(3). He did not do so. Rather, he filed a motion to withdraw his plea on March 5, 2012. That motion was denied on May 15, 2012. Petitioner then had 21 days to seek leave to appeal with the Michigan Court of Appeals. *See* Mich. Ct. R. 7.205(G)(4). He did not do so. Thus, his conviction became final on June 5, 2012. Accordingly, Petitioner was required to file his federal habeas petition by June 5, 2013, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed his motion for relief from judgment with the state

trial court on May 7, 2013. At that point, approximately 11 months of the one-year period had run. The period was then tolled until the Michigan Supreme Court denied leave to appeal on March 8, 2016. Petitioner then had about one month, until approximately April 8, 2016, to file his federal habeas petition. The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). Petitioner did not date his habeas petition until August 24, 2016 – more than four months after the one-year period had expired.

Petitioner does not allege that the state created an impediment to the filing of his petition, that his claims are based upon newly-discovered evidence, or that his claims are based upon newly-enacted, retroactively applicable law. His habeas petition is therefore untimely under 28 U.S.C. § 2244(d).

The United States Supreme Court has confirmed that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). The Supreme Court has explained that a habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his

rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 783-84 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749–50 (6th Cir. 2011) (citing *Holland*); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applied only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner asserts that he is entitled to equitable tolling because he is not mentally capable of reading and understanding criminal law and has a limited education. The fact that Petitioner has a limited education and is untrained in the law, is (or was) proceeding without a lawyer or other legal assistance, or may have been unaware of the statute of limitations for a period of time does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir.

2012) (pro se status is not an extraordinary circumstance); *Allen*, 366 F.3d at 403 (ignorance of the law does not justify tolling); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (illiteracy is not a basis for equitable tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) (the law is "replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse" for failure to follow legal requirements); *Holloway v. Jones*, 166 F. Supp. 2d 1185, 1189 (E.D. Mich. 2001) (lack of legal assistance does not justify tolling); *Sperling v. White*, 30 F. Supp. 2d 1246, 1254 (C.D. Cal. 1998) (citing cases stating that ignorance of the law, illiteracy, and lack of legal assistance do not justify tolling).

Petitioner also asserts that he is entitled to equitable tolling because he is confined in maximum security, needed time to assemble materials in support of his claims on his own and with the limited help of others, and had to utilize jailhouse lawyers and/or the Michigan Legal Writer's Program to prepare his legal documents. Such typical conditions of prison life do not warrant tolling. *See, e.g, Hall*, 662 F.3d at 752 (ruling that pro se status and inability to access transcripts for a period of time did not justify equitable tolling); *Maclin v. Robinson*, 74

F. App'x 587, 589 (6th Cir. 2003) (limited access to prison law library does not constitute a state impediment under 28 U.S.C. § 2244(d)(1)(B)); *Allison v. Smith*, No. 2:14-CV-10423, 2014 WL 2217238, *5 (E.D. Mich. May 29, 2014) (citing *Smith v. Beightler*, 49 F. App'x 579, 580-81 (6th Cir. 2002), and ruling that bad advice from fellow inmate or other non-lawyers does not warrant equitable tolling); *Arriaga v. Gonzales*, No. 13-CV-1372, 2014 WL 5661023, *12 (C.D. Cal. Oct. 31, 2014) (reliance on jailhouse lawyers is not an extraordinary circumstance). Petitioner's contention that his claims have merit also does not justify tolling the one-year period. *Holloway*, 166 F. Supp. 2d at 1191.

Petitioner further asserts that he is entitled to equitable tolling because he was confused by the entire process due to his use of psychotropic medication. Petitioner does not elaborate on this issue. A habeas petitioner's mental incompetence may constitute an extraordinary circumstance which justifies equitable tolling of the one-year period, but only if that condition prevents the timely filing of a habeas petition. *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir. 2011). In other words, to be entitled to equitable tolling on such a basis, a habeas petitioner must show that he was mentally incompetent and that his

mental impairment was the cause for the late filing. *Id.*; *Robertson v. Simpson*, 624 F.3d 781, 785 (6th Cir. 2010); *see also Plummer v. Warren*, 463 F. App'x 501, 506 (6th Cir. 2012) ("Illness—mental or physical—tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period."). Furthermore, a mental impairment "might justify equitable tolling if it interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance" once obtained. *Stiltner v. Hart*, _ F. App'x _, 2016 WL 5403898, *7 (6th Cir. Sept. 28, 2016) (quoting *Bills v. Clark*, 628 F.3d 1092, 1100 (9th Cir. 2010)).

Petitioner does not meet this standard. He fails to allege any facts to show that his mental health condition or the side effects of any medication were significant during the relevant time period or that they impaired his ability to pursue state court remedies and seek federal habeas relief in a timely manner. Moreover, "speculation about the impact of mental illness on the ability to timely file a habeas petition is not sufficient to warrant an evidentiary hearing." *McSwain v. Davis*, 287 F. App'x 450, 457-58 (6th Cir. 2008). Petitioner also fails to show

that any mental health issues impaired his ability to obtain legal assistance in a timely manner. To be sure, it appears that Petitioner recognized that he would benefit from legal assistance during the relevant time period and that he obtained some assistance. Petitioner fails to demonstrate that he is entitled to equitable tolling under *Holland*.

Both the United States Supreme Court and the United States Court of Appeals for the Sixth Circuit have held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 133 S. Ct. 1924, 1928 (2013); *Souter v. Jones*, 395 F.3d 577, 588-90 (6th Cir. 2005). As explained in *Souter*, to support a claim of actual innocence, a petitioner in a collateral proceeding "must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific

evidence, trustworthy eyewitness account, or critical physical evidence – that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In keeping with Supreme Court authority, the Sixth Circuit has recognized that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter*, 395 F.3d at 590 (quoting *Schlup*, 513 U.S. at 321).

Petitioner makes no such showing. None of the materials included with his petition establish his actual innocence under the foregoing standards. Moreover, his assertion that he lacked the intent to murder is merely a claim of legal insufficiency, not a claim of factual innocence. *See Bousley*, 523 U.S. at 623. Petitioner's argument that his habeas claims have merit and that his plea is invalid do not establish his actual innocence. *See, e.g., Craig v. White*, 227 F. App'x 480, 481 (6th Cir. 2007). His own self-serving, conclusory assertions of innocence are also insufficient to support an actual innocence claim. A "reasonable juror surely could discount [a petitioner's] own testimony in support of his own cause." *McCray v. Vasbinder*, 499 F.3d 568, 573 (6th

Cir. 2007) (citing cases). Furthermore, Petitioner's no contest plea belies an actual innocence claim. *See, e.g., Loving v. Mahaffey*, 27 F. App'x 925, 926 (10th Cir. 2001) (noting that a claim of actual innocence is difficult to establish, particularly when a defendant pleads guilty); *Reeves v. Cason*, 380 F. Supp. 2d 883, 885 (E.D. Mich. 2005). Petitioner fails to establish that he is entitled to equitable tolling of the one-year period. His habeas petition is therefore untimely and must be dismissed.

## IV. Conclusion

Based upon the foregoing discussion, the Court concludes that the habeas petition is untimely and that Petitioner is not entitled to equitable tolling of the one-year period. Accordingly, the Court **GRANTS** Respondent's motion for dismissal and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the

substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Id.* In this case, jurists of reason could not find the Court's procedural ruling that the petition is untimely debatable. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court finds that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** Petitioner leave to proceed in forma pauperis on appeal.

**IT IS SO ORDERED.**

s/Terrence G. Berg  
TERRENCE G. BERG  
UNITED STATES DISTRICT JUDGE

Dated: October 31, 2017

## Certificate of Service

I hereby certify that this Order was electronically submitted on October 31, 2017, using the CM/ECF system, which will send notification to each party.

By:  s/A. Chubb<br>Case Manager